THE STATE, USE, ETC., v. H. LEWENTHALL ET AL.

1. TAXES. *Action on collector's bond.   Testimony as to contents of books.*
   In an action upon a tax-collector's bond for a default in paying over taxes, it is error for the court to permit witnesses who have examined the collector's receipt-books, and made *memoranda* of the results of their examination, to testify as to the amount of taxes collected by him, and to other results of such examination, where the books are not offered in evidence and no reason given for not producing them.

2. SAME.   *Damages on defalcation as to county taxes.*

   Where a tax-collector makes default in paying over county taxes, the county is
   entitled, under section 1724 *et seq.* of the Code of 1871, to thirty per cent.
   per annum damages on the amount due by the collector; and the damages in
   such case, being a legal incident, need not be specially claimed in the declara-
   tion, but will follow a recovery of the amount in default.

ERROR to the Circuit Court of Lincoln County.

Hon. J. M. SMILEY, Judge.

This action was brought against the sureties of John D.
Moore, on his bond as tax-collector of Lincoln County, for a
failure to pay over county taxes collected by him.   On the
trial, A. O. Cox and R. H. Thompson, witnesses for the plaint-
iff, testified that they had severally made examinations of the
books kept by Moore as tax-collector ; that the books showed
that a certain amount of taxes stated by them had been
collected by Moore within the time it was claimed he had
made default ; and that they had made *memoranda* of the
results of their examinations.   A judgment was rendered for
the plaintiff, but both parties sued out writs of error.   The
points assigned for error are sufficiently indicated in the
opinion of the court.

*R. H. Thompson*, for the State, use, etc.

1. The principal question raised on the part of the county
is whether, in a suit on a tax-collector's bond for a defalca-
tion in county taxes, the county is entitled, under sections
1726, 1727 of the Code of 1871, to recover thirty per cent on
an actual defalcation.   By section 1726 it is provided that, in
suits on tax-collectors' bonds to recover state taxes, "judgment
shall be given for the amount due by the collector, with thirty
per cent per annum damages," etc.   The next section (1727)
is: "Like proceedings shall be instituted   *   *   *   for
non-payment of county taxes," etc.   What is meant by "like
proceedings?"   Why, exactly such proceedings as previously
authorized and directed for state taxes.

2. But it is said the declaration does not demand the dam-
ages.   The declaration demands $5,000, the penalty of the

bond — the limit of recovery — and it also demands interest. What is interest but damages? The county was entitled to receive such interest or damages as the law provided, and that is thirty per cent per annum on the amount of the defalcation. That is the legal rate of interest in such cases, and was recoverable as damages. Sedgw. on Dam., 446, and authorities there cited. It is unnecessary to demand such damages in the declaration, in order to recover it. 14 Ill. 248, and authorities there cited.

*J. F. Sessions*, for Lewenthall *et al.*

1. The statute does not authorize the thirty per cent damages. for defalcations to the counties; it only refers to defalcations to the state. The provisions of the statute on this subject. must be construed strictly, under the rule requiring penal statutes to be construed strictly. But if it were true that the thirty per cent damages could be recovered for a defalcation to, a county, it cannot be recovered in this suit, because it is not claimed in the declaration. The amount sued for is the actual defalcation alleged, and "interest" — there being no claim for statutory damages. It was clearly an after-thought to strain the construction of the word "interest," in the demand, to be a claim for damages at thirty per cent.

2. The defendants below assign for error the action of the court in admitting the testimony of Cox and Thompson to prove the contents of the "stubs," or duplicate receipts, in Moore's receipt-book, to show the amount of taxes collected by him. These witnesses did not testify from their own knowledge as to the amount which had been collected, but from an examination of the tax receipt-books, which it was. shown were in existence and at hand.

The defendants were entitled to the production of the best evidence, and no circumstances were shown to exist authorizing secondary evidence. 1 Greenl. on Ev., sec. 90 *et seq*.

CAMPBELL, J., delivered the opinion of the court.

If the plaintiff had offered in evidence the book of receipts.

of taxes kept by Moore, and delivered by him to his successor in office, it would have been proper to permit the evidence of the witnesses Cox and Thompson, to aid the jury in considering the voluminous receipts contained in the book; but we have looked in vain for any intimation in the record that the book of receipts itself was offered in evidence. It was in court, but does not appear to have been offered as evidence. It is very clear that, without offering the receipts themselves in evidence, it was not admissible for witnesses to give evidence of what they contained, and of their result. If the receipts were numerous, and of a character to render it difficult for the jury to comprehend them without the aid of the testimony of persons who had carefully examined them, and made schedules and indexes, or other *memoranda*, of them, it was proper for the court to permit such persons to testify to the result of their examination and the accuracy of their *memoranda*, after giving full opportunity to the adverse party to examine and test the correctness of such *memoranda*. *Railroad Corporation* v. *Dana*, 1 Gray 83; 1 Greenl. on Ev., sec. 93.

But such testimony is admissible only in connection with the writings themselves, where they can be produced, and as an aid to an intelligent comprehension of them by the jury. Because of this error we are compelled to reverse the judgment and remand the cause, but will decide the question made by the writ of error of the plaintiff, viz., whether the county is entitled to thirty *per cent per annum* damages on the amount of county taxes due and not paid over by the collector, and whether such damages are recoverable without having been specially claimed in the declaration. We answer both questions in the affirmative. Section 1724 *et seq.* of the Code entitle the county to the damages, and, being a legal incident, they need not be specially declared for, but follow a recovery by the county.

Judgment reversed and cause remanded for a new trial.